**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

| | |
|---|---|
| JOHN E. GOLUB, On Behalf of Himself and All Others Similarly Situated, <br><br> Plaintiff-Appellant, <br><br> and <br><br> BRIAN CARPENTER, <br><br> Plaintiff, <br><br> v. <br><br> GIGAMON INC.; COREY M. MULLOY; PAUL A. HOOPER; ARTHUR W. COVIELLO, Jr.; JOAN A. DEMPSEY; TED C. HO; JOHN H. KISPERT; PAUL E. MILBURY; MICHAEL C. RUETTGERS; ROBERT E. SWITZ; DARIO ZAMARIAN; ELLIOTT MANAGEMENT CORPORATION; ELLIOTT ASSOCIATES, L.P.; ELLIOTT INTERNATIONAL, L.P.; EVERGREEN COAST CAPITAL CORPORATION; GINSBERG HOLDCO, INC.; GINSBERG MERGER SUB, INC., <br><br> Defendants-Appellees. | No.  19-16975 <br><br> D.C. No. 3:17-cv-06653-WHO <br><br> MEMORANDUM* |

Appeal from the United States District Court

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Argued and Submitted October 14, 2020
Submission Vacated December 15, 2020
Resubmitted April 13, 2021
San Francisco, California

Before: FERNANDEZ, WARDLAW, and COLLINS, Circuit Judges.

Lead Plaintiff John Golub (Golub) appeals from the district court's dismissal of his putative securities class-action lawsuit alleging a violation of § 14(a) of the Securities Exchange Act of 1934 and Securities and Exchange Commission Rule 14a-9. We have jurisdiction, 28 U.S.C. § 1291, and we affirm.

The Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-5, required Golub's amended complaint to "specify each statement alleged to have been misleading," in Gigamon's proxy statement and "the reason or reasons why the statement is misleading." 15 U.S.C. § 78u-4(b)(1). To that end, we read Golub's amended complaint to allege: (1) five misrepresentations in connection with statements of opinion (AC ¶ 97(a)-(e)) and (2) two omissions in connection with statements of opinion (AC ¶¶ 90–96). We "examine [these] individual allegations in order to benchmark whether they are actionable," but "consider the allegations collectively and examine the complaint as a whole." *Police Ret. Sys. of St. Louis v. Intuitive Surgical, Inc.*, 759 F.3d 1051, 1058 (9th Cir. 2014).

We, like the district court, focus chiefly on whether Golub sufficiently

2

pleaded facts demonstrating falsity and surmounting the PSLRA's safe-harbor provision. "We review the district court's dismissal" on these grounds "de novo." *Wochos v. Tesla, Inc.*, 985 F.3d 1180, 1188 (9th Cir. 2021). Our accompanying opinion lays out the relevant standards for determining actionable falsity. As to the PSLRA's safe harbor, that provision insulates a defendant from liability "for a false or misleading statement if it is forward-looking and *either* is accompanied by cautionary language *or* is made without actual knowledge that it is false or misleading." *Id.* at 1190 (internal quotation marks and citation omitted). We analyze each of the various categories of alleged misrepresentations and omissions in Golub's complaint with these standards in mind.

1. We begin with the five alleged misrepresentations of the opinion of the Board of Directors ("the Board") that Golub identified in his complaint. "[A] statement of opinion may . . . involve a representation of material fact that, if that representation is false or misleading, could be actionable." *Id.* at 1189; *see also Va. Bankshares, Inc. v. Sandberg*, 501 U.S. 1083, 1095 (1991). Such a statement affirms at least that "the speaker actually holds the stated belief." *Wochos*, 985 F.3d at 1189 (internal quotation marks and citation omitted). Moreover, "some sentences that begin with opinion words like 'I believe' contain embedded statements of fact." *Id.* (emphasis removed) (internal quotation marks and citation omitted). We assume that Golub intended to plead an actionable misrepresentation

3

under either theory.

With regard to the first theory, the complaint fails to allege plausible "misstatement[s] of the psychological fact of the speaker's belief." *Va. Bankshares*, 501 U.S. at 1095. The allegations in Golub's complaint admit of "two possible explanations" for the proxy's statements regarding the Board's opinions— "only one of which can be true and only one of which results in liability." *In re Century Aluminum Co. Secs. Litig.*, 729 F.3d 1104, 1108 (9th Cir. 2013). On the one hand, these allegations are consistent with the possibility that Gigamon's Board held very positive views of the company's long-term future, but conveyed the opposite impression in the proxy statement to effect the sale of the company by whatever means necessary. On the other hand, these allegations are also consistent with Gigamon having received two consecutive quarters of disappointing and unexpected results, which affected the directors' views of the company's present value and long-term success. Golub accordingly was required to plead "[s]omething more . . ., such as facts tending to exclude the possibility that the alternative explanation is true." *Id.*

Like the district court, we conclude he has not done so. His allegations that Gigamon and its directors suspiciously strayed from their previous "long-term" view of Gigamon's prospects—suddenly adopting a "quarter-on-quarter" perspective—is betrayed by his own allegations that the Gigamon directors revised

4

their opinions regarding the company's prospects only after *two consecutive quarters* of disappointing results.

Meanwhile, the May and July 2018 press statements that his complaint identifies lend no support on this front. The positive figures listed in these press statements are not inconsistent with the Board's professed determination in the proxy statement that Gigamon remained on a growth trajectory, albeit a more gradual one than the Board had expected before FY 2017's Q2 and Q3 results. Thus, they do not support the inference that the Board believed one thing, yet said another. *See In re Read-Rite Corp.*, 335 F.3d 843, 846 (9th Cir. 2003), *abrogated on other grounds by S. Ferry LP, No. 2 v. Killinger*, 542 F.3d 776 (9th Cir. 2008).

2. Alternatively, interpreting Golub's complaint as challenging certain misrepresentations of embedded facts within these five statements of opinion, we conclude that such a challenge cannot succeed. At most, three of these alleged misrepresentations contain embedded statements of fact. *See* AC ¶¶ 97(b), (d), (e). And most of those embedded statements cannot evade the PSLRA's safe-harbor provision, as they are in and of themselves forward-looking statements regarding the company's future financial performance, *see* 15 U.S.C. § 78u-5(i)(1)(A), (C); *In re Quality Sys., Inc. Secs. Litig.*, 865 F.3d 1130, 1146 (9th Cir. 2017), accompanied by adequate cautionary language, *see Intuitive Surgical, Inc.*, 759 F.3d at 1059–60.

5

Indeed, the only embedded fact that surmounts the PSLRA safe harbor is the statement that "the Company was currently performing at levels even below the Case C projections" when the directors decided to rely on the Case C projections on October 24, 2017. AC ¶ 97(e). But Golub has made no other allegations relating to the company's performance at that specific moment in time. He thus "pleaded no facts that would establish falsity in [this] sense." *Wochos*, 985 F.3d at 1196.

3. As for the alleged omissions in connection with statements of opinion, we conclude that Golub has again failed to allege falsity or to overcome the PSLRA's safe harbor. Such a claim required Golub to "identify particular (and material) facts going to the basis for [Gigamon's and the Board's] opinion—facts about the inquiry the issuer did or did not conduct or the knowledge it did or did not have— whose omission makes the opinion statement at issue misleading to a reasonable person reading the statement fairly and in context." *Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 575 U.S. 175, 194 (2015). "That is no small task." *Id.* And "whether an omission makes an expression of opinion misleading always depends on context," because "investor[s] take[] into account the customs and practices of the relevant industry." *Id.* at 190; *see also Desaigoudar v. Meyercord*, 223 F.3d 1020, 1023–24 (9th Cir. 2000) ("The SEC has historically disfavored forecasts and value estimates in proxy statements.").

Accordingly, Gigamon's alleged non-disclosure of partial FY 2017 Q4 earnings in advance of the December 22, 2017 shareholder vote did not render false or misleading the Board's opinion that Gigamon would face "continued challenges . . . to grow top-line revenue and accurately predict its quarterly results." Public companies generally release quarterly earnings only after a given quarter has ended. Moreover, one quarter of positive results—following two quarters of unexpectedly poor numbers—does not render misleading the Board's opinion (as of December 22, 2017) that these particular challenges would continue. *See City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 856 F.3d 605, 615 (9th Cir. 2017) ("[L]iability is not necessarily established by demonstrating that 'an issuer knows, but fails to disclose, some fact cutting the other way,' because '[r]easonable investors understand that opinions sometimes rest on a weighing of competing facts.'" (alteration in original) (quoting *Omnicare*, 575 U.S. at 189–90)).

Golub failed to plead facts sufficient to show that the omission of the Updated Case B Projections rendered materially false or misleading the Board's opinion that those projections were "overstated." Moreover, the Board stated that it endorsed the proposed sale based on the Updated Case C Projections and disclosed those projections to its shareholders. Given this context, Golub failed to plead facts showing that the omission of details about the Updated Case B

7

Projections made the Board's "expression of opinion misleading." *Omnicare*, 575 U.S. at 190.

In addition, both statements allegedly rendered misleading by this omission, *see* AC ¶¶ 90, 96, are entirely forward-looking and accompanied, as discussed above, by adequate cautionary language in the proxy statement. The PSLRA thus bars any claim based on these omissions. *See* 15 U.S.C. § 78u-5(c)(1) (noting the safe harbor's application to an "omission of a material fact necessary to make the statement not misleading"); *In re Cutera Secs. Litig.*, 610 F.3d 1103, 1112–13 (9th Cir. 2010) (finding claim based on omission relating to revenue projections barred by safe-harbor provision).

4. Because Golub has failed to state an actionable claim under § 14(a), we also affirm the dismissal of his § 20(a) claims against all Defendants. *Wochos*, 985 F.3d at 1197.

**AFFIRMED.**